JAMES H. OSBORNE, Respondent, v. JOHN H. BENBOW, Appellant.

Kansas City Court of Appeals, December 2, 1889.

Pleading: SUFFICIENCY OF PETITION FOR DAMAGES FOR BREACH OF CONTRACT. The petition for an injunction and damages on a contract whereby plaintiff bought defendant's interest in their partnership practice and office furniture, with the agreement that defendant should not again practice medicine and surgery in that vicinity, and alleging a breach thereof, examined and found sufficient to sustain a judgment for damages, though the injunction was denied.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Rich & Rector*, for the appellant.

Under no construction of the law could the injunction be denied and any judgment rendered for damages in favor of the plaintiff; damages in injunction suits follow the sustaining of the prayer for injunction. The judgment of the court denying the injunction was equivalent to dissolving the injunction, and, upon the dissolution of the injunction, judgment should have been for defendant for damages, if any were proved; the judgment should have been for the defendant.

*Boyd & Sebree,* for the respondent.

There is no bill of exceptions in this case, and the simple question for the consideration of the court is whether the petition is sufficient to support the judgment. The respondent maintains that the petition, in addition to stating a cause of action for injunction, also

Osborne v. Benbow.

states a cause of action for damages, and, this being the case, the judgment is good, notwithstanding the fact that the petition contains more than it might have done in an ordinary action for damages alone. We think that the judgment should be affirmed.

ELLISON, J.—This action is based upon a petition by plaintiff asking an injunction restraining defendant from further engaging in the practice of medicine, in and around the town of Gilliam. The petition, after setting up the contract whereby plaintiff bought defend-. ant's interest in their partnership practice and office furniture, with the agreement that the defendant should not again practice his profession in that vicinity, proceeded to state "that, although the defendant entered into said contract and accepted said notes from plaintiff as the consideration thereof—upon all which he has paid the amounts promised therein, either from plaintiff or other persons to whom defendant negotiated them ; and, although the defendant, in pursuance of said contract, quit the practice of medicine and surgery in said town and the vicinity and territory thereof for a time, yet the defendant has wholly disregarded his said contract, and did, in the month of December, 1886, wrongfully and illegally begin the practice of medicine and surgery in the said town of Gilliam and · the territory and the vicinity thereof, and has ever since, and now is continuing so to do, by reason of which the plaintiff has been damaged in the sum of two thousand dollars. That the defendant has, and, unless restrained, will, by practicing medicine and surgery in said town and the territory and vicinity thereof, continue to interfere with and greatly injure the business of plaintiff. That plaintiff has no adequate remedy at law, and unless the defendant is restrained the plaintiff will suffer irreparable injury. Wherefore the plaintiff prays that the defendant be enjoined and restrained from practicing

medicine and surgery in said town of Gilliam, or the territory or vicinity thereof, while plaintiff practices there ; that plaintiff's damages be ascertained, and that he have judgment therefor ; that said injunction be made perpetual, and that the plaintiff have such other and further relief as he may be entitled to receive."

The injunction was denied but a trial was had with the aid of a jury as to the damages, resulting in a verdict and judgment for plaintiff for one hundred dollars.

There is no bill of exceptions, no evidence, instructions or other thing preserved in the record, save the record entry of the trial and judgment and the petition and answer. This leaves us with nothing to pass on but the sufficiency of the petition to sustain the judgment of one hundred dollars' damages; and we are of the opinion that it will. If defendant made the contract with plaintiff which is alleged, and broke it, as is charged, it cannot certainly be contended, that, as a matter of law, no damages could flow from such breach. In the condition in which the case is presented by the record, we have only to ascertain if there is enough contained in the petition to sustain a judgment for damages for a breach of contract. The judgment is affirmed. All concur.